UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK HASSAN,

        Plaintiff,

  -vs-

CITY OF ITHACA, NEW YORK; BRIAN H.
WILBUR, former Chief of the Ithaca
Fire Department, in his individual
and official capacity; J. THOMAS
DORMAN, Acting Chief of the
Ithaca Fire Department, in his
individual and official capacity;
MICHAEL SCHNURLE, Assistant Chief
of the Ithaca Fire Department, in
his individual and official
capacity; ROY TRASK, in his
individual and official capacity as
a Lieutenant with the Ithaca Fire
Department; ROBERT COVERT, in his
individual and official capacity
as a Lieutenant with the Ithaca
Fire Department; and JOHN and JANE
DOE(S),

        Defendants.

**DECISION and ORDER
No. 6:11-cv-06535(MAT)**

---

## INTRODUCTION

On October 13, 2015, the Court awarded summary judgment in favor of Defendants and dismissed Plaintiff's Complaint in its entirety. Judgment was entered on October 14, 2015. On November 13, 2015, Defendants filed a Bill of Costs (Dkt #75), and subsequently filed a Corrected Bill of Costs (Dkt #77). Defendants seek $1,754.85 for "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case[,]" (Dkt #77), namely, the deposition of Plaintiff which was utilized by

Defendants in their successful summary judgment motion. Plaintiff, through his attorney, timely filed Objections in the form of a letter to the Court (Dkt #78). Defendants filed a Reply/Response in the form of a letter to the Court (Dkt #79).

For the reasons discussed below, Plaintiff has not sustained his burden of establishing that the costs requested should not be awarded to Defendants.

## DISCUSSION

"A district court's authority to award costs derives from Federal Rule of Civil Procedure 54(d)" which provides in relevant part that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .'" Kohus v. Toys R Us, Inc., 282 F.3d 1355, 1357 (Fed. Cir. 2002) (quoting FED. R. CIV. P. 54(d)). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001) (citation omitted), abrogated on other grounds by Bruce v. Samuels, 136 S. Ct. 627 (2016).

Title 28 U.S.C., Section 1920 provides in relevant part that "[a] judge or clerk of any court of the United States may tax as costs the following: . . . (2) [f]ees for printed or electronically recorded transcripts *necessarily obtained for use in the case*. . .


Defendants in their successful summary judgment motion. Plaintiff, through his attorney, timely filed Objections in the form of a letter to the Court (Dkt #78). Defendants filed a Reply/Response in the form of a letter to the Court (Dkt #79).

For the reasons discussed below, Plaintiff has not sustained his burden of establishing that the costs requested should not be awarded to Defendants.

## DISCUSSION

"A district court's authority to award costs derives from Federal Rule of Civil Procedure 54(d)" which provides in relevant part that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .'" Kohus v. Toys R Us, Inc., 282 F.3d 1355, 1357 (Fed. Cir. 2002) (quoting FED. R. CIV. P. 54(d)). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001) (citation omitted), abrogated on other grounds by Bruce v. Samuels, 136 S. Ct. 627 (2016).

Title 28 U.S.C., Section 1920 provides in relevant part that "[a] judge or clerk of any court of the United States may tax as costs the following: . . . (2) [f]ees for printed or electronically recorded transcripts *necessarily obtained for use in the case*. . .

." 28 U.S.C. § 1920(2) (emphasis supplied). The Court's "Guidelines for Bills of Costs" located on the Court's website, http://www.nywd.uscourts.gov, provides specifics regarding the supporting documentation needed when, inter alia, deposition transcript costs are sought. See also W.D.N.Y. L.R. 54(d), (e), (g).

Plaintiff has no basis on which to dispute that his deposition testimony was "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), since it was submitted as part of Defendants' motion for summary judgment and cited by this Court in its decision and order granting the summary judgment motion. Accordingly, it is a properly taxable cost. See, e.g., Arias-Zeballos v. Tan, No. 06 CIV. 1268(GEL), 2009 WL 3335330, at *2 (S.D.N.Y. Oct. 14, 2009) (plaintiff's deposition transcript was taxable where plaintiff did "not dispute" that her deposition testimony was used by district court in ruling on the parties' cross-motions for summary judgment, was submitted as part of defendant's motion for summary judgment, and cited by district court in the resulting opinion and order). In addition, Defendants have complied with the requirements imposed by this District's Local Rules of Civil Procedure and Guidelines for Bills of Costs, supra.

Having determined that the deposition transcript is in general a properly taxable cost, the Court now must evaluate whether Plaintiff has carried his burden of showing that the cost should not be imposed. See Whitfield, 241 F.3d at 270 (noting that the

burden is on the losing party to show that costs should not be imposed because, for instance, the losing party is indigent, the prevailing party engaged in misconduct, or the case was one of public importance") (citations omitted).

"As a general matter a district court may deny costs on account of a losing party's indigency, but indigency per se does not automatically preclude an award of costs." Id. (citing McGill v. Faulkner, 18 F.3d 456, 459-60 (7th Cir. 1994) ("A plaintiff's indigency . . . does not require the court to automatically waive costs to an unsuccessful litigant.") (citing Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir. 1991)). Plaintiff's attorney accuses Defendants of "impoverish[ing]" Plaintiff through "their successful smear campaign calculated to take advantage of culture and ethnic bias." According to his attorney, Plaintiff "is living in a car at the time of this writing."

Plaintiff's attorney's assertions about her client's indigence are without an evidentiary foundation. Rather, they are based solely on the attorney's unsworn letter, which is bereft of any supporting statement from Plaintiff himself. This conclusory submission regarding Plaintiff's alleged indigency is insufficient to overcome the presumption that costs are to be awarded to Defendants as prevailing parties. See, e.g., McGill, 18 F.3d at 459 (finding that incarcerated plaintiff was not per se indigent and had "failed to establish in this record that he was incapable of paying the court-imposed costs at this time or in the future" where

his "response to the prison officials' petition for costs merely alleged, without documentary support, that he was indigent and therefore he should not have to pay costs"); Nazaire v. Kingsbrook Jewish Med. Ctr., No. 04 CV 1415(JG), 2006 WL 2946331, at *2 (E.D.N.Y. Oct. 11, 2006) (declining to reverse award of costs because "plaintiff has failed to offer any proof of financial hardship, much less indigency").

Similarly, Plaintiff's attorney's vague accusations of misconduct by Defendants in taking Plaintiff's deposition are without any factual support. Plaintiff's attorney asserts in her unsworn letter, and without any evidentiary support from Plaintiff himself, that the Bill of Costs in this matter is "excessive and not sought in good faith." Plaintiff's counsel's assertion that the deposition was overly long, failed to seek relevant information or involved "taunting" Plaintiff is belied by the transcript of the deposition itself. Having reviewed the transcript in connection with deciding the summary judgment motion, the Court agrees that Plaintiff was unresponsive and tangential throughout the deposition. Plaintiff appeared either unable or unwilling to give concise responses to defense counsel which resulted in counsel having to repeat questions. Plaintiff's own conduct during the deposition thus defeats his argument based on the allegedly excessive length of the deposition. See Arias-Zeballos, 2009 WL 3335330, at *2 (rejecting plaintiff's challenge to cost of deposition transcript where "the length of the deposition was for

the most part caused by plaintiff's frequent interruption of defense counsel, and answers which often trailed off into lengthy discourse on matters only tangentially related to the question posed").

**CONCLUSION**

For the reasons stated above, the Court rejects Plaintiff's Objections to Defendants' Corrected Bill of Costs. It is hereby ordered that Defendants' Corrected Bill of Costs is granted in full, and Defendants are awarded the sum of $1,754.85, which represents "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case," i.e., Plaintiff's deposition transcript. The Clerk of the Court is directed to amend the judgment entered in this case to include the sum stated in the Corrected Bill of Costs (Dkt #77).

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: August 20, 2016
Rochester, New York